UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
JAVON SHIPMAN,

                              Plaintiff,

            -against-

Lieutenant LUIS MACHADO; Police Officer SEAN NURSE, Shield 12094; Police Officer KADIA SAUNDERS, Shield 16002; and Police Officer ERIN FILPO, Shield 14894, and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                              Defendants.
------------------------------------------------------------------ x

**COMPLAINT**

Jury Trial Demanded

      Plaintiff, by his attorneys, Harvis Wright & Fett LLP, alleges the following, upon information and belief, as his Complaint:

## NATURE OF THE ACTION

      1.    This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

      2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Javon Shipman ("plaintiff" or "Mr. Shipman") is a resident of Kings County in the City and State of New York.

7. Defendant Lieutenant LUIS MACHADO; Police Officer SEAN NURSE, Shield 12094; Police Officer KADIA SAUNDERS, Shield 16002; and Police Officer ERIN FILPO, Shield 14894, at all times relevant herein, were officers, employees and agents acting within the scope of their employment with the NYPD. Defendants are sued in their individual and official capacities.

8. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

9. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the

NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

10. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

11. At approximately 4:15 p.m. on May 7, 2013, at and around 166 Pulaski Street in Brooklyn, New York, the individual defendants unlawfully arrested and assaulted plaintiff, and thereafter jailed and prosecuted him until the charges against Mr. Shipman were dismissed on or about May 22, 2013.

12. The injuries caused by the individual defendants were treated at Woodhull Hospital, including multiple lacerations to the head and face, a fractured nose, bruising and swelling with scratches to the left orbit and right arm pain.

13. The individual defendants prepared or allowed to be prepared false police reports accusing Mr. Shipman of, among other things, Assault in the Second Degree (P.L. §120.05 (2), a D Felony with one year minimum jail), and Attempted Aggravated Assault on a Police Officer (P.L. §110/120.11, a C Felony with a minimum punishment of one year jail time and up to fifteen years in jail).

14. Defendant Nurse thereafter made, and the other individual defendants allowed Nurse to make, false statements to the Kings County District Attorney's Office.

15. The misrepresentations caused plaintiff to be prosecuted under Kings County Criminal Court Docket Number 2013KN035601on various false charges.

16. Mr. Shipman was arraigned, bail was set, and plaintiff was remanded.

17. On May 22, 2013, the Grand Jury to whom the charges had been presented voted No True Bill and the prosecution was thereafter dismissed and the records associated with the arrest and prosecution sealed.

18. The individual defendants, despite having a reasonable opportunity to do so, took no action to prevent, end, or truthfully report the unlawful arrest, beating, jailing, and prosecution of Mr. Shipman.

19. The individual defendants' acts and omissions caused Mr. Shipman to suffer loss of liberty, mental and emotional upset and trauma, fear, humiliation, and deprivation of his constitutional rights, among other injuries.

20. The individual defendants' acts and omissions caused Mr. Shipman to suffer great physical pain and lasting physical injuries.

21. The individual defendants, at all times relevant, in arresting, using force on, and imprisoning the plaintiff, and in offering false evidence to the District Attorney and Criminal Court Judges, acted intentionally, willfully, maliciously, negligently, and with reckless disregard for and deliberate indifference to plaintiff's rights and physical and mental well-being.

## FIRST CLAIM
### Unlawful Stop and Search

22. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

23. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

24. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

25. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

26. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

27. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Unreasonable Force

28. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

29. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

30. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Malicious Prosecution

31. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

32. By the conduct described herein, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

33. The defendants commenced or allowed the commencement of a Criminal Court proceeding against Mr. Shipman without probable cause and with actual malice. The prosecution terminated in Mr. Shipman's favor.

34. The prosecution caused Mr. Shipman's liberty to be deprived.

35. As a consequence thereof, plaintiff has been injured.

## FIFTH CLAIM
### Denial Of Constitutional Right To Fair Trial

36. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

37. The individual defendants created false evidence against plaintiff.

38. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office and to Judges.

39. In creating false evidence against plaintiff, and in forwarding false information to prosecutors and Judges, the individual defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

40. As a direct and proximate result of this unlawful conduct, plaintiff sustained damages hereinbefore alleged.

### SIXTH CLAIM
### Failure To Intervene

41. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

42. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

43. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth, and Fourteenth Amendments.

44. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:   December 17, 2013
             New York, New York

                            HARVIS WRIGHT& FETT LLP
                             *Attorneys for Plaintiff*
                            305 Broadway, 14th Floor
                            New York, New York 10007
                            (212) 323-6880
                            gharvis@hwandf.com

                            _____
                            By: Gabriel Harvis